IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARDEN FRESH SALSA COMPANY, INC.
D/B/A GARDEN FRESH GOURMET,
a Michigan corporation,

        Plaintiff,              Case No. 2:10-cv-12708

v.                              Honorable Robert H. Cleland

                                    Magistrate Judge Virginia M. Morgan

GARDEN-FRESH FOODS, INC.,
a Wisconsin corporation,

        Defendant.

_____/

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

This matter has come before this Court upon stipulation of the parties. The parties recognize that pursuant to discovery, or otherwise during the course of this action, they and non-parties may need to disclose trade secrets and other confidential technical or commercial information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedures. The parties believe that good cause exists for the entry of this Protective Order.

ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this action:

1

1. Any party or non-party may designate information or documents and things produced, used, or disclosed in this action as "CONFIDENTIAL" and thereby subject to the protections and requirements of this Order. Only information or documents and things that a party in good faith believes contain or refer to information that is not generally available to or accessible by the general public may be designated as "Confidential."

2. In the case of a document or thing, a designation of "CONFIDENTIAL" shall be accomplished by conspicuously marking the document or thing with the words "CONFIDENTIAL."

3. Testimony can be made subject to this Order by designating it as "CONFIDENTIAL" orally on the record at the time of the testimony or in writing after receipt by the parties of the transcript. When information that could support a designation of "CONFIDENTIAL" is communicated in a deposition, any party shall be permitted to exclude from attendance at the deposition any person not entitled to receive such information. Counsel for the parties may agree on the record that the entire deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" for a certain period of time (not to exceed 20 days after the testifying party receives a copy of the deposition transcript), during which time the parties may designate, in writing, those portions of the transcript which shall remain treated as "CONFIDENTIAL" within the meaning of this Order. There shall be no restrictions on confidentiality of information not designated within the prescribed time period.

4. Documents and things produced for inspection for the purpose of allowing selection of materials for copying shall be treated as "CONFIDENTIAL" under this Order

until copies of the documents and things are produced, at which time they shall be given a final designation pursuant to this Order, if any, marked by the producing party.

5. Subject to Paragraphs 2—4, no receiving party shall be under any obligation of confidentiality until a designation is made. The failure to designate information as "CONFIDENTIAL" or the failure to object to such a designation shall not preclude a party from later designating, or objecting to designation of, such information as "CONFIDENTIAL." In addition, no receiving party shall be obligated to object to any designation of confidentiality within any specific time period. No party shall, by failure to object, be deemed to have acquiesced or agreed to such designation or be barred from later objecting to such designation.

6. Other than by the producing party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a. the Court and court personnel;

b. the parties to this action and clerical employees thereof, provided that, (1) such disclosure is needed to assist in the prosecution or defense of this action; and (2) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons and their clerical personnel;

c. counsel for the parties and their employees;

d. testifying experts, consulting experts, investigators, and advisors who are (i) independent of and not employed by the parties or a competitor of either party in the fields to which the subject matter of this action pertains, and (ii) retained for purposes of this action;

e. persons testifying in depositions or court proceedings, to the extent the "CONFIDENTIAL" document or thing was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or contents of the document prior to the testimony; and

  f. other persons agreed to by the parties.

  7. Whenever any document or thing designated as "CONFIDENTIAL" or any pleading containing "CONFIDENTIAL" information is filed with the Court, such document, thing, or pleading shall be filed in a sealed container and shall display a bold heading in substantially the following form: "FILED UNDER SEAL—SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE" or within the duly designated rule requirements of the U.S. District Court for the Eastern District of Michigan for the proper filing of such sealed documents.

  8. Unless otherwise permitted, within sixty (60) days after the final disposition of this action, including all appeals, all documents and things designated as "CONFIDENTIAL", all copies of documents and things designated as "CONFIDENTIAL", and all excerpts therefrom in the possession, custody, or control of parties other than the producing party shall be destroyed or returned to counsel for the producing party. Counsel for parties other than the producing party may retain one copy of each document and thing, work product, and transcript embodying documents, things, or information designated as "CONFIDENTIAL" under seal for archival purposes.

  9. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification to this Order.

  10. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any party of any information, documents, or things (for which no other obligation of confidentiality exists) that are currently in a party's or individual's possession, custody, or control, that later come into

the possession of a party to this action from others lawfully in possession of such information, documents, or things who are not parties to this action or bound by this or a comparable Order or obligation; that are in the public domain; or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority. However, a party in receipt of documents, things, or information designated as "CONFIDFENTIAL" hereunder who is required to disclose the document or information pursuant to any law, regulation, order, subpoena, or rule of any governmental authority, shall give advance written notice, to the extent possible, of any such disclosure sufficient to afford the parties the opportunity to seek legal protection from the disclosure.

11. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. However, the producing party must notify the receiving party in writing of such inadvertent production within ten (10) days of the production of such documents to the receiving party. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents either party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege following expiration of the ten (10) day period.

12. The parties agree to abide by and be bound by the terms of this Stipulation upon signature by their attorneys.

| | |
|---|---|
| /s/Jeffrey P. Thennisch<br>Jeffrey P. Thennisch (P514999)<br>John A. VanOphem (P48804)<br>Attorneys for Plaintiff<br>Dobrusin & Thennisch PC<br>29 West Lawrence Street, Suite 210<br>Pontiac, MI  48342<br>(248) 292-2920 | /s/Joseph G. Burgess (with consent)<br>Joseph G. Burgess (P41621)<br>Attorney for Defendant<br>Burgess Law Office PLLC<br>691 N. Squirrel Road, Suite 110<br>Auburn Hills, MI  48326<br>(248) 364-0200 |
| Dated: November 2, 2010 | Dated: November 2, 2010 |

APPROVED AND SO ORDERED this 2ND day of November , 2010.


Dated: 11/2/2010
S/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge
for the Eastern District of Michigan